Nash, C. J.
 

 In the opinion of his Honor below, there is error. The suit in the Superior Court was against Cline alone. It had been commenced before a single magistrate against the present defendant and the administratrix of John Bost, upon a bond excuted by both Bost and Cline. The defence was, under the act of 1836, ch. 65, sec. 13. More than ten years had elapsed after the course of action accrured before the issuing of the writ, whereby a presumption of payment arose. The magistrate gave judgment against both defendants, and Cline alone appealed. By mistake the appeal was taken up to the Superior Court for both the defendants, and it was so tried in that Court before the mistake was discovered, and by consent of plaintiff’s counsel, the record was amended according to the truth. Upon the trial, the plaintiff, after objections by defendant, was permitted to give in evidence the declarations of Mrs. Bost, the widow and administratrix of John Bost, deceased upon the ground that they were the declarations of a party to the record. This, we have seen, was not the fact. She was not a party to the record in the Superior Court, she would have been, and was a competent
 
 *501
 
 witness against tbe defendant, but her declarations certainly were not.
 

 At the time the warrant was served on Cline, ho admitted he had executed the bond, but declared he never would pay it. This declaration certainly could not operate to repel the presumption of payment from the lapse of time. This may amount to an admission that
 
 he
 
 had never paid it, but was no evidence that his co-obligor had not. Were the declarations of the representative of John Bost competent evidence against his co-obligor, Cline ? We think not. In the case of McKeethan v. Atkinson, ante. 421, this Court decided that a payment by the principal in a note or bond of any portion of the money due upon it, within ten years before the bringing of the action, would be a sufficient answer to the presumption, and that, upon the ground that a payment is an act which operates to the benefit of both the ob-ligors, and and of which both can avail themselves. Whether the declarations of John Rost would, as to Cline, be competent, we do not decide, the
 
 declarations
 
 of his administratrix, of what she had heard him say, are not.
 

 The record was amended by the magistrate after the Judge’s charge, and after the jury had returned their verdict. It then stood as the amendment spoke, and his Honor ought either to have withdrawn his charge, and directed the jury to disregard the evidence as to the declrations of Mrs. Bost, or to have set aside the verdict and granted a new trial.
 

 For this error in receiving the testimony of Mrs. Bost, the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Judgment reversed.